N. H. Elliott v. The State.

No. 12118. Delivered January 2, 1929.

The opinion states the case.

*J. H. Randell* of Denison, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction is for violating the pure food law; punishment a fine of $101.00.

Appellant sold forty pounds of fresh meat to a Mr. Young. Same was part of a boar hog, about one year old, according to appellant's testimony. Appellant swore that he slaughtered the animal, peddled about half of it and kept and ate the other half. He said he sold part of the meat to Mr. Young and part to Mrs. Taylor, also some to Miss Trobaugh and some to Tony Inzenga. The three last named testified for the defense that they bought fresh meat from appellant about the date of the alleged offense, and cooked and ate same and they said it was good meat. Appellant, his wife and son also testified that they cooked and ate the remainder of the hog which was not peddled out, and that it was good. Doctor Acheson, Health Officer and Food Inspector for the City of Denison, who inspected part of said meat submitted to him by appellant, also pronounced it fit for food and good to eat, that is as much so as any pork, it appearing that for reasons satisfactory to himself the good doctor declined to recommend pork of any kind as proper food for human beings.

If we grasp the State's contention, which rests solely upon the testimony of the prosecuting witness Young, and Policeman Dishner, it is that when cooked said meat gave off a rank odor, for which reason alone same was deemed by them unfit for food. Art. 706 of our P. C. forbids the sale of food which is adulterated or misbranded and Art. 707 id. states that food is adulterated "(6) if it consists in whole or in part of . . . any portion of an animal or vegetable

unfit for food." The term "unfit for food" is very indefinite and its application to a particular state of facts would be very difficult in many instances, but we deem it unnecessary to go into an analysis of this feature of the instant case. There is no claim that the meat sold by appellant was decayed, diseased, or unwholesome above other pork. It was undeniably from a freshly slaughtered healthy hog, the head and front of whose offending was that the meat when cooked gave off a rank odor. We are of opinion that for this Court to affirm a verdict of guilty in this case, thereby judicially declaring that in the State of Texas food might be considered as adulterated, —however healthful otherwise,—merely because it had a rank odor, would be going too far. We are not unmindful of certain facts well known to ordinary people, and that many articles of wholesome food do not bear the odor of attar of roses. If this Court should lay down such a rule, what would become of the succulent onion, the appetizing limburger, the tasty garlic, the luscious collard? Such an interpretation would be manifestly unsound. Such conclusion is clearly without sound reason. We are impelled to say that the judgment in the instant case is without support.

There also appears unquestionably a fatal variance between the allegation of the complaint, which charges a sale of a hog, and the proof made on the trial, which shows merely a sale of forty pounds of dressed meat, in this case consisting of less than one-half of the slaughtered animal.

For the reasons mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*