

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

July 14, 1948

Hon. Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Opinion No. V-634.

Re: Burden of proof in a proseoution for selling or exposing for sale food not securely protected from flies, dust and dirt.

Dear Sir:

We refer to your letter in which you submit the following:

"Although under subsection 6 of Article 707, the term 'filthy' is defined as food not securely protected from flies, dust, dirt, and other foreign or injurious contamination, it will be noticed that the word 'filthy' is used merely ɑ. an adjective to modify 'animal or vegetable substance'.

"It is my opinion that in order to sustain a conviction under this law, the burden of proof would be on the State to prove the presence in the food of some type of unfit substance, such as insect fragments, worm fragments, or similar matter. I have been informed by the local State Food & Drug Inspector that, in other parts of the State, convictions have been obtained when the proof merely showed that the food had not been securely protected from flies, dust, dirt, etc."

Article 707, Vernon's Penal Code, reads in part:

"For the purposes of this chapter an article shall be deemed to be adulterated: . . .

"(c) In case of food; . . .

"(6) if it consists in whole or in part of a filthy, decomposed or putrid animal or vegetable substance. . . .

"<u>Filthy defined</u>. -- The term 'filthy'
shall be deemed to apply to food not secure-
ly protected from flies, dust, dirt, . . ."

As used in subsection (6) of Article 707, Ver-
non's Penal Code is "filthy" an adjective modifying "ani-
mal and vegetable substance" as therein used?

The language "filthy, decomposed or putrid ani-
mal or vegetable substance" with the comma after "filthy"
and the word "or" after "decomposed" definitely creates
three specific offenses for "having in his possession
with intent to sell, offer or expose for sale or sell or
exchange any article of food or drug which is adulterat-
ed or misbranded within the meaning of this chapter. The
term food shall include all articles used by man for food,
drink, etc." Article 706. Sutherland Stat. Const., 3rd
Ed., Vol. 2, Sec. 4923.

"Filthy" as used and defined in said subsection
(6) when read with Article 706, means "No person, firm or
corporation shall within this State . . . have in his pos-
session with intent to sell, offer or expose for sale or
sell or exchange, food, drink, etc. which is not securely
protected from flies, dust and dirt, and as far as may be
necessary by all reasonable means, from all foreign or in-
jurious contaminations."

A complaint in the usual form, which alleges such
possession, intent, offer and exposure and lack of protec-
tion from flies, etc. and proof of such allegations will
support a conviction under said Articles 706 and 707, Ver-
non's Penal Code.

We are of the opinion that a complaint for viola-
tion of Article 706 and 707 of the Penal Code should in all
cases allege the factual situation that will support the
complaint. In your specific case it should allege that the
defendant did within the State of Texas and County of El
Paso, on or about the ____ day of _____, 1948, have
in his possession with intent to sell, offer and expose for
sale, articles of food, to-wit, eggs, which said food was
adulterated in this, that they were in broken shells and
were not securely protected from flies, dust, dirt, and from
all foreign or injurious contaminations.

It is essential that the proof should correspond
with the allegations (Elliott v. State, 12 S. W. 2d 575)

and equally so that the allegations should be in accordance with the precise facts as they exist.

Allegations of the presence in the food of filthy, decomposed, or putrid animal or vegetable substances have no place in the complaint. There is no reason to allege matters which cannot be proven.

### SUMMARY

In a prosecution under Article 706 of the Penal Code, where the offense pertains to broken eggs, and no actual contamination can be shown, the complaint should allege the facts as they exist, that is, such food was not securely protected as the statute requires in Article 706-7 (6).

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By *W. T. Williams*
W. T. Williams

WTW:wb

APPROVED:

*Fagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL